Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CJMBS PHARMACIES, INC., dba COMMUNITY PHARMACY, AND DOES 1-10, INCLUSIVE,<br><br>Defendant(s). | Case No. **'16CV2410 MMA WVG**<br><br>**COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 ("EPA") to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments. This action is being brought to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Charging Party Karen S. Becker ("Becker").

As alleged with greater particularity below in paragraphs 18-36, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant CJMBS Pharmacies, Inc. dba Community Pharmacy, discriminated against Becker by paying her lower wages, bonuses, and hourly rate because of her sex, female in violation of Sections 206 (d) and 215 (a) of the EPA, 29 U.S.C. §§ 206(d) and 215 (a). The Commission further alleges that Defendant CJMBS Pharmacies, Inc. discharged Becker in retaliation for having complained about sex discrimination in violation of Section 215 (a) (3) of the EPA, 29 U.S.C. §215 (a)(3).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(a) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA") as amended, 29 U.S.C.§§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

# PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission (Plaintiff" or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and is expressly authorized to bring this action under Sections 16 (c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant CJMBS Pharmacies, Inc. dba Community Pharmacy ("Defendant" or "CJMBS") has continuously been a California corporation doing business in San Diego County, State of California.

5. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203 (d).

6. At all relevant times, Defendant has continuously employed employees engaged in commerce or the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j).

7. At all relevant times, Peter K. Nguyen ("Nguyen") has been an owner, officer, and manager of Defendant CJMBS Pharmacies, Inc. dba Community Pharmacy (CA Secretary of State reference no. C3584042). As Defendant's owner, Nguyen oversees the operation of CJMBS Pharmacies, Inc., and is the sole decision-maker who possesses the ultimate authority to hire, fire, discipline employees, and set employees' pay rate, bonuses, compensation level, and work schedules.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, employee, alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise. Said acts and

failures to act were within the scope of such agency and/or employment, and each Defendant(s) participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant(s) complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

9. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore the Commission sues said defendant(s) by fictitious names. The Commission reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. The Commission alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and the Commission will amend the complaint to allege such responsibility when the same shall have been ascertained by the Commission.

## STATEMENT OF CLAIMS

10. More than thirty (30) days prior to the institution of this lawsuit, Becker filed a charge of discrimination with the Commission alleging violations of the EPA by Defendant.

11. On August 10, 2016 the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that the EPA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On August 31, 2016 the Commission issued Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the initiation of this lawsuit has been fulfilled.

16. Since at least October 2013 to January 15, 2016, Defendant has engaged in unlawful employment practices in violation of Sections 206 (d) and 215 (a) of the EPA, 29 U.S.C. §§ 206(d) and 215 (a). More specifically, from October 2013 through January 15, 2016, Defendant subjected Becker to unequal pay based on sex, female.

17. Furthermore, on or about January 15, 2016, Defendant discharged Becker in retaliation for having complained about unequal pay based on sex in violation of Section 215 (a) (3) of the EPA, 29 U.S.C. § 215 (a)(3).

## Unequal Pay

18. In October 2013, Defendant acquired Community Pharmacy located in Valley Center, CA. Defendant is owned and operated by Peter K. Nguyen, a pharmacist. As Defendant's owner, Nguyen oversees the operation of CJMBS Pharmacies, Inc., and is the sole decision-maker who possesses the ultimate authority to hire, fire, discipline employees, and set employees' pay rate, bonuses, compensation level, and work schedules.

19. Becker was a pre-existing employee for the prior owner of Community Pharmacy. She was subsequently acquired by Defendant as a full-time Pharmacy Technician at Community Pharmacy during October 2013.

20. During October 2013, Becker possessed over ten (10) years of work experience as a pharmacy technician.

21. During the acquisition, Defendant denied Becker's request to raise her current hour/y rate of $17.00. Defendant acquired Becker for the same hourly

rate she had been receiving from her prior employer, $17.00 per hour. Starting in October 2013, Defendant paid Becker an hourly rate of $17.00 for the full-time Pharmacy Technician position at Community Pharmacy.

22. The only other full time Pharmacy Technician at Community Pharmacy was Miguel Vaca ("Vaca"), a male employee. Starting in October 2013, Defendant paid Vaca an hourly rate of $21.00.

23. The full-time Pharmacy Technician's job duties at Community Pharmacy included filling prescriptions, processing prescriptions, inventory management, insurance billing, and handling customers.

24. As full-time Pharmacy Technicians at Community Pharmacy, Becker and Vaca were performing the same job that required equal skill, effort, and responsibility under the same working conditions at the same pharmacy.

25. Both Becker and Vaca were supervised by Defendant's owner, Peter Nguyen, the pharmacist at Community Pharmacy.

26. During April 2015, Defendant raised Becker's hourly pay rate to $18.00, while Vaca's hourly pay rate was raised to $22.50.

27. During December 2015, Defendant paid Vaca a bonus of $1,000.00 while Becker was paid a bonus of $50.00.

28. Out of the five (5) employees at Community Pharmacy, four are female and one is male, Vaca. Defendant paid Vaca the highest hourly rate than all the other female employees at Community Pharmacy, including Becker.

## Retaliation

29. During late December 2015/early January 2016, Becker worked overtime, but was not being compensated for this overtime.

30. Sometime during early January 2016, Becker started noting her overtime hours on her time cards to Defendant in hopes of being compensated for working overtime.

31. On or about January 13, 2016, Defendant reduced Becker's work

1 | hours and rate of pay without any explanation.

2 |     32.    Later that same day, Becker verbally complained to Nguyen about the hour and pay reductions and sought an explanation. Becker also complained to Nguyen about being paid less than Vaca despite having to perform the same job duties. In her verbal complaint, Becker specifically told Nguyen that she believed that she was being discriminated against because of her sex, and that she was going to "consult an attorney" to see if the reductions were "legal."

    33.    Immediately after Becker complained, Nguyen became visibly upset and angry. Nguyen started yelling at Becker and accused her of "threatening" him. As Becker left the pharmacy, Nguyen followed her out the door and continued yelling at her. Nguyen made these comments to Becker in a hostile manner: "How dare you!" "You're threatening me!" "When you come back here, bring your bags to pack your stuff!"

    34.    Becker had the day off on January 14, 2016.

    35.    On or about January 15, 2016, Becker received a text message from Nguyen asking her to come to work a little earlier that day.

    36.    Becker immediately called Nguyen to ask him what was happening. In response, Nguyen told her that she had been terminated.

    37.    As result of the acts complained of, Defendant unlawfully withheld and is continuing to withhold the payment of wages due to Becker.

    38.    The unlawful practices complained of in paragraphs 18-36 were willful.

    39.    The effect of the practices complained of as described in paragraphs 18-36 have been to deprive Becker of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

    40.    The unlawful employment practices in paragraphs 18-36 above were intentional and caused Becker to suffer emotional distress.

    41.    The unlawful employment practices complained of in paragraphs 18-

36 above were and are done with malice or with reckless indifference to Becker's federally protected rights.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which include the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and subjecting employees to retaliation for having complained about discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices in violation of Sections 206 (d) and 215 (a) of the EPA.

C. Grant judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Becker whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant to make Becker whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E. Order Defendant to make Becker whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Becker punitive damages for its malicious and/or reckless conduct as described in paragraphs 18-36 above in an amount to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

Dated: September 22, 2016

ANNA Y. PARK
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

CONNIE K. LIEM
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION